This is for the appellant, Ms. Bullard, and for the athlete, Ms. Brooks, you may proceed. May it please the court, counsel. My name is Jackie Bullard and I represent the minor respondent in this case, Kejuan C. Children in delinquency proceedings are entitled to defense attorneys. Zealous advocates whose duty to their clients are undivided. An attorney in a delinquency proceeding who is appointed to act as both guardian ad litem and defense counsel suffers under a per se conflict of interest. And as with all per se conflicts of interest, once that per se conflict has been established, reversal is automatic unless the record affirmatively demonstrates that the client has been made aware of the conflict and has affirmatively waived that conflict. These extraordinary rules are rooted in the nature of per se conflicts. Because in these types of conflicts, the risk that the conflict will affect the course of the representation is high, while at the same time, the chance that the error will be detected and remedied is low. The record in this case demonstrates that Kejuan's attorney labored under a per se conflict of interest. The trial court expressly appointed the public defender's office to act as court appointed counsel and guardian ad litem for the minor. The assistant public defender who was there in court and continued to represent Kejuan made no objection and asked for no clarification about her role. And at the time, such appointments were not prohibited. This case fell in the window where the appellate decision in Austin M. authorized but did not require such representation. The Supreme Court had granted leave to appeal, but had the case that the Supreme Court had not yet provided. Let me ask you this question. What did appointed counsel do in wearing the hat of guardian ad litem? In the case of per se conflicts of interest, it's not necessary for the minor to demonstrate how the representation was affected. That is because, given the nature of per se conflicts of interest, Well, could the attorney take any actions which would indicate the attorney was acting as the GAL? I think that my response to that is probably threefold. First of all, the trial court made an express appointment and counsel didn't object. So I think that the record establishes she thought that that's what her role was. The Supreme Court in Austin M. expressly stated, we find there is an inherent conflict between the professional responsibilities of a defense attorney and a GAL. So once you have that dual appointment, there is... Let me ask you this question. I wrote Austin M. And in that case, the attorney volunteered to occupy both... I mean, he wasn't appointed. He was the family hired lawyer. And he was trying to soft pedal the entire deal and make it a... Rather than a criminal proceeding, it was more of a, we've got to take care of this minor defendant too. Did any of that kind of flavor affect these proceedings? Or was it a straight up criminal, albeit juvenile, prosecution? The response to that is first, I think there is a suggestion in the record that counsel made an error in particular. Counsel did not ask the trial court to find the minor guilty of the lesser included offense of criminal trespass to an automobile. So counsel... Again, that's the type of issue that counsel may or may not have made a strategic decision. We don't know. But that's where the per se rule takes us. The per se rule takes us. It's too hard to find actual demonstrations of conflict in per se conflict cases. Because of the very nature of this type of representation, when an attorney... An attorney has two very different roles as a guardian ad litem versus a defense attorney. A defense attorney's role is to act at the client's behest and to seek acquittal. A guardian ad litem is free to substitute his or her judgment for that of the client if the attorney thinks that is the better course of action. And where in the record does it disclose that this appointed counsel was acting as a guardian ad litem? Not in name, but actually acting as a GAO? There is, again. The trial court made an express, explicit appointment telling counsel you will act in both capacities. If you want to argue that Judge Clem blabbered too much when he appointed counsel, I'll agree with you wholeheartedly. He blabbered that too much. And it's just like automatic. Before Austin met him, I presume many trial judges would say, okay, we're going to appoint you a lawyer and also the same lawyer as your guardian ad litem, which is not necessarily necessary. I would agree. And I think the fact that the trial court made... It's superfluous. I would disagree with you that it is superfluous. What Austin and the appellate opinion did is gave trial courts the permission to make dual appointments without running afoul of the Constitution of the Juvenile Court Act. And this particular trial judge chose those words, counsel and guardian ad litem. It was consistent with what was in the case law. Defense counsel would have no reason at that point to depart from what the trial court told her to do. It was an express statement. It was a choice by the trial court to mention both of those roles. Counsel presumably was aware of the appellate case law that authorized that. She would indeed have been found in contempt of court had she not fulfilled both of those roles, given the trial court's expressed direction to act in that capacity. How did she act? What actions did she take under the denomination of guardian ad litem? And the answer to that question is we don't know. We don't know if her view as her role as a guardian ad litem affected her advice to the client on whether to plead or elect a trial. We don't know any of that. And again, it takes us back to the whole notion that per se conflicts of interest are grounds for reversal for just those reasons. Because these conflicting roles contain representation in a way that doesn't appear on the record. In Austin M, Austin M was slightly distinguishable in that this court and the Supreme Court in Austin M had to engage in an analysis of what counsel did in order to draw the conclusion that counsel was acting as a guardian ad litem because there was no express appointment. That discussion in Austin M would not have been necessary if the trial court in Austin M had made a dual appointment like the court did in this case. And so this extensive discussion in Austin M is really rooted in, and the Supreme Court in Austin M, before they begin their analysis, they say we are evaluating two distinct questions in this case. Does hybrid appointment constitute a conflict of interest? And did the attorney in this case operate as both a defense attorney and a guardian ad litem? And because there was no express dual appointment, the court engaged in the analysis, pointed to the language that trial counsel used about how he viewed his role. But in the face of a trial court order to an attorney saying you will act in both of these capacities representing this child. Once the trial court says that, that's the end of it. It doesn't make any difference what the attorney does or fails to do. If the trial court makes this statement, even if it may have been a misstatement, that raises the per se conflict, end of case. Not under existing case law, the rule for children and the rule for adults is the same. Once the per se conflict has been established, reversal is automatic unless the client has been made aware of the conflict and makes a knowing and voluntary waiver. With that exception. Correct. And there was no indication that this 13-year-old boy was aware that he... Or was even competent to make an admission, to make a waiver. Yeah, there are all sorts of issues associated with that. And this is a case where there is, I will acknowledge, there is no firm evidence that representation was affected by the dual role. But what we know is that counsel was charged to act in both of those roles. There is this one portion in the record where counsel doesn't ask for the lesser included, a conviction on the lesser included offense of criminal trespass. In a case where the question about whether the minor's intent to actually permanently deprive the owner of the car was pretty slim. So there is actually some suggestion in the record that counsel made an error. Whether that error was truly an error or a matter of strategy. Whether it was an error based on counsel's view of herself as a guardian ad litem and directing the course of representation in a way that she thought was best for the minor is a question we don't know. But the beauty of the per se rule is we don't need to know that. The rule is straightforward. If the per se conflict is demonstrated in the record, reversal follows unless there is an express waiver on the record. The state maintains that Austin M is distinguishable on three grounds, none of which would require affirmance in this case. The state is wrong that the fact that counsel was private counsel in Austin M and is an appointed defender in this case makes any difference. Poor children and children of means are entitled to competent representation that is conflict free. And again we discussed the notion that there needed to be any additional evidence on the record besides the express appointment. We talked about the fact that the reason there was this discussion in Supreme Court Austin M was to establish this dual representation because there was not an express appointment. And then finally the state hypothesizes that perhaps the public defender's office appointed another attorney in their office to act as guardian ad litem in this case and that the minor has failed to present this court with an adequate record. Well, maybe that's the state's argument, maybe not. As I look at this, it may not necessarily be that, but it's that the trial court, it's what the trial court did here. Trial court appointed the public defender's office as opposed to specifically appointing assistant public defender Corum as both defense attorney and as GAL. And so doesn't that impact then on your initial argument, which is if an attorney is appointed as both, then there is a per se conflict. But you have to establish that an attorney was appointed to serve the dual role. And here you don't have that evidence because the judge's words were that the public defender's office is appointed to serve. Now, I don't know that opposing counsel is going to suggest that within the public defender's office there were other PDs tasked with serving as GAL. It may not be incumbent upon the state to come back with that type of evidence because isn't it your obligation to establish in the first place that an attorney was appointed to serve this dual role? Well, an attorney was appointed to represent Kawan, and Stephanie Corum appeared with him throughout the proceedings. Even if the original appointment was directed at the office of the public defender, the office of the public defender was obligated to follow the terms of that appointment as made and was responsible for ensuring that the particular attorney that was assigned to represent Kawan in the proceedings acted in compliance with the trial court's order. So the fact that the appointment was directed at the public defender rather than the particular assistant public defender who appeared in the courtroom, those two roles are interchangeable. The trial court said to the public defender's office, I want a lawyer in this courtroom who behaves as both a defense attorney and a guardian ad litem. I'm not familiar with the practice in Champaign County. Was there a written entry of appearance on the part of assistant public defender Corum or an oral entry of appearance? I can't answer that question directly. I do not believe that that occurs. I believe that what occurs in Champaign County is the appointment is made and then there's usually a sheet that accompanies that first appearance with the child, which also there's a detention hearing that is held at the same time. And then there's a checkmark box that counsel appeared and those sorts of things. But again, that would not make a difference given the trial court's express appointment of an attorney whether it's Randy Rosenbaum, the public defender in Champaign County, or one of his assistants that he assigns to the case. The order directed the public defender's office to make sure that Kawan had a lawyer that acted as both guardian ad litem and as defense counsel. And as I pointed out in my reply brief, the court reporter listed every individual who was in the courtroom at every hearing. Everyone was identified whether they were affiliated with the probation department, court services, the state's attorney's office, the public defender's office. There was not a single person in that courtroom that was ever identified as a guardian ad litem. There were no documents filed on behalf of the minor that were attributable to a filing by the guardian ad litem. And again, the public defender in this case would have absolutely no reason to make two separate appointments at this point because Appellate Austin M, that decision was in place and even though PLA had been granted in the case, that case was still good law. Given Appellate Austin M, Appellate Austin M authorized, did not require, but authorized hybrid appointment in delinquency court. So there was an attorney who appeared. Regardless of the identity of the attorney, it was either the public defender or one of the attorneys under the public defender's direct supervision. And that attorney, Ms. Quorum, who was in the courtroom and received the dual appointment, appeared with Kawan throughout the proceedings. I'm happy to answer any further questions. I don't see any. All right. In that case, given that Kawan's attorney operated under a per se conflict of interest without an express waiver, we respectfully request that this case be remanded for a new trial. Thank you. Ms. Brooks. May it please the Court and counsel, my name is Anastasia Brooks and I represent the people in this case. First of all, I'd like to disabuse the respondent of the notion that the trial court is in the business of appointing specific public defenders, assistant public defenders to appear in any capacities in their courtrooms. Under the case of Burnett v. Shirell, the court noted that a court appoints the office of the public defender and does not appoint individual assistant public defenders. So the respondent's argument is that there's somehow an express appointment of an attorney to act as both defense attorney and as guardian ad litem is not the case because what the trial court actually said was motion on behalf of the minor respondent for appointment of counsel, motion will be allowed, and then said office of the public defender is appointed to act as court appointed counsel and guardian ad litem for the minor. There's no reference in there that somehow the trial court was insisting on only one attorney to appear in dual capacities and that that was being required of the public defender to select only one attorney to appear in both dual capacities. It would have been up to the public defender to select attorneys from Mr. Rosenbaum's office to appear. The fact is, though, that not anyone from the public defender's office did explicitly appear in the capacity as guardian ad litem. So that is perhaps a reason for this court to remand it for the case for an evidentiary hearing to investigate whether in fact assistant public defender Stephanie Corum had in fact performed a dual role of defense attorney and guardian ad litem and whether she was in fact directed by the public defender to appear and act in that dual role. So that's a question that... Is the public defender act as both an attorney within the office of the public defender act as both the guardian ad litem and as defense counsel? Or is that a conflict in and of itself? One attorney... I understand your question to be if one attorney were to appear, a public defender or even any attorneys were to appear in dual capacities under Austin M., that's per se a conflict. Isn't there a rule like if there might be a hundred person corporation, but if one attorney has a conflict, the other 99 do as well? Does the same thing apply to the office of the public defender? That's what I'm asking. I understand your question now. I think both of us agree, the parties agree, that under Robinson that multiple public defenders aren't subject to imputed conflicts of interest under the per se conflict of interest rule. So even if, for example, another public defender had represented a witness against the minor or a defendant in a criminal case, that does not per se disqualify that person's counsel from being represented by another member of the public defender's office. So essentially the only question of dispute is whether in fact Stephanie Corum had appeared and acted as guardian ad litem and not just a defense attorney. And as I think the respondent has to acknowledge, we just simply don't know. Her argument is, the attorney's argument is based on the inference drawn from the fact that no separate GAL appeared and that the appointment order would have to be obeyed under pain of contempt. Although there is still the possibility that the public defender just did not acknowledge or didn't receive or somehow chose not to follow or interpreted, anticipated Austin M's reversal and chose not to select Stephanie Corum as the guardian ad litem. But doesn't your theory put the defendant here in a very difficult spot in order to have to prove the attorney acted, and that's the key word here I think, acted in a certain way such that serving in the GAL role it adversely impacted in his role or her role as defense attorney. Counsel is indicating that there doesn't need to be proof of acts on the part of supporting performance of the GAL role. It's simply a per se conflict because you don't know what's happening in the lawyer's mind. Maybe the lawyer him or herself isn't consciously acting in a particular way in the dual role, but knowing that he or she is the GAL is going to pursue a course that is maybe contrary to what a vigorous defense attorney would have done. So how do you as a defendant establish positive proof of an impaired defense in that situation? I think that is the suggestion being made by the defendant here that you can't, and that's why it should be a per se conflict when it's a single attorney assuming both roles here, and that you don't need to have proof of acts performed in the GAL role. What do you think? I think that the respondent's argument is if there's an express appointment of one attorney in a hybrid representation, then they don't have to show acts as a GAL in order to show a per se conflict. However, we can't base a per se conflict on a mere assumption that the conflict exists without any showing of either an express appointment order, which doesn't exist here because it's the office that was appointed, not Stephanie Corum, or showing that somehow Stephanie Corum had in fact acted in a dual capacity, which would have been a conflict of interest. So essentially, the per se conflict rule means if a per se conflict is shown, then it's automatic reversal. You don't have to show what might have been done that might have been affected by the conflict. However, what they're trying to do here, the respondent's trying to accomplish here, is to assume the presence of a per se conflict out of essentially, I don't know what they're relying on other than the fact that the office of the public defender was appointed and maybe the public defender didn't get around or chose not to have someone else appear as a guardian ad litem, but that doesn't prove that Stephanie Corum thought of herself or acted in a dual capacity. So essentially, what the defendant can do to prove peers, I think the respondent's suggestion was, and what the state would agree to, is to remand it for a limited purpose of finding out what, for example, if the public defender had appointed Stephanie Corum as also being the guardian ad litem and or whether Stephanie Corum herself thought of herself as acting or having been appointed as guardian ad litem pursuant to the terms of this order. So that's a possibility to resolve the proof problem. I understand the importance of the right of the respondent minor to have unconflicted representation. It's an important right. This is an important case. But I didn't see in the respondent's brief where there's allegations somehow that the conflict is demonstrated by a failure to request a lesser included. And I didn't also understand how possession of a stolen motor vehicle requires intent to permanently deprive. It's like the joyriding statute. So I'm not sure exactly, just hearing these arguments for the first time, that analysis is proceeding. Essentially, I thought this case would be the allegation, which was in their opening brief, is that the trial court had appointed an assistant public defender in a dual capacity, and I responded that the record doesn't show that because the office was appointed. And then there was a suggestion somehow we can remand to find out, and the state would be okay with that. And I'm not sure what else there is to dispute about this question. I do not believe, though, that the respondent is correct when saying that if there is a remand, the question should be whether a separate GL existed, because I don't think that's the standard. The standard is not whether there was a separate guardian ad litem. The standard is whether the attorney who appeared on the minor's behalf as defense counsel also was guardian ad litem. So it could be the third situation where there was no guardian ad litem, even though the trial court attempted to appoint the office in that capacity. And if that were the case, there is no first aid conflict, because no one is guardian ad litem, so therefore that's not a basis for finding a first aid conflict. So the respondent's reply brief claims that all evidence is the contrary, and I just don't see any evidence at all, because this is coming up for the first time on review, and the record is not developed on this question. So with respect to whether there is a separate GL or not, we simply don't know, and that's why the remand would be warranted and not a simple automatic reversal as the respondent is requesting. So for these reasons, the state would request this court to affirm on the basis of an inadequate record for review, because it is not clearly apparent that there was a first aid conflict of interest, but also would acknowledge that this court, if it finds its authority to do so, could in fact remand it for a limited evidentiary hearing on the question of whether Stephanie Quorum was subject to first aid conflicts. And I would entertain any questions. I don't see any. Thank you. Ms. Bullard? It appears that the crux of the disagreement between the defense and the state is this question of whether the trial court's order for hybrid representation was directed at a particular person. And if it was directed at the public defender's office, was the assistant public defender bound by that order? Trial courts make orders to the assistant public defenders who appear in courtrooms all the time. Even though the appointment of the lawyer is technically to the public defender's office, who then delegates the role of who shows up in court. Well, what about this as an alternative here? Let's say to that point, a particular assistant public defender was appearing in that judge's courtroom, and instead of it being done in open court, the court, the trial judge in chambers, makes a docket entry to the same effect as to what was announced on the record in open court, that the public defender's office was appointed to serve as defense counsel in GAL. So that's now a directive to who? You're saying that in court that's to an individual. But in my scenario, that hypothetical, that's being directed to the PD's office, right? And the PD is responsible for complying with the nature of the order that's entered in the docket entry. Under the state's theory, if the representation is the public defender rather than the assistant public defender who appears in court, if you carry that to its logical and absurd conclusion, then an assistant public defender could appear in court and say, no, your honor, I didn't do what you told me to do, but I don't have to, because the appointment was for the public defender. It wasn't for me. Assistant public defenders act on the behalf of public defenders in every courtroom where there is appointed counsel. And those attorneys are expected to comply with the court orders that trial courts make in those courtrooms. And in this case, the trial court said to Ms. Quorum that she was appointed, that the public defender's office was appointed to act as both guardian ad litem and defense attorney. And as a representative of the public defender's office and the attorney that was assigned to represent this case, that order was binding on her. The court has no further questions. I'm happy to engage in further discussions. I respectfully request your amendment for a new trial. Thank you. We'll take this matter under adjustment and stand in recess until 10 o'clock.